IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------- x
:
IN RE                                             :
                                                  :
UNITED STATES OF AMERICA,                         :
    vs.                                           :  Misc. Case No. 07-00228 (RBW)
                                                  :
I. LEWIS LIBBY,                                   :
                                                  :
Criminal Case No. 05-394 (RBW)                    :
                                                  :
------------------------------------------------- x

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF APPLICATION FOR ACCESS
TO LETTERS DIRECTLY SENT TO THE COURT CONCERNING SENTENCING**

The Applicants file this supplemental memorandum in response to the Court's May 29, 2007 Order requesting further briefing on whether the public is entitled to access to the letters in question prior to the June 5 sentencing. As a general matter, these Applicants submit that these letters should be released immediately where possible. However, Applicants recognize that whether particular categories of letters should be released now or once sentence is pronounced can depend on the reason for releasing the letter.

Generally, where the right of access applies to a judicial record, the public is entitled to immediately inspect and copy it. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 127 (2d Cir. 2006) (emphasizing "the importance of immediate access where a right to access is found"); *Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994) ("In light of the values which the presumption of access endeavors to promote, a necessary corollary to the presumption is that once found to be appropriate, access should be immediate and contemporaneous."). Only in "the most compelling circumstances" may the Court delay public access. *In re Nat'l Broad. Co.*, 635 F.3d 945, 952 (2d Cir. 1980); *see also, e.g.*, *In re Charlotte*

*Observer*, 882 F.2d 850, 856 (4th Cir. 1989) (even a "minimal delay" in making judicial records public "unduly minimizes, if it does not entirely overlook, the value of 'openness' itself, a value which is threatened whenever immediate access to ongoing proceedings is denied, whatever provision is made for later public disclosure").

Those same principles should apply equally to the sentencing letters. However, as set forth in the Application submitted to the Court on May 25, 2007, Applicants recognize that the presumption of access may attach to different categories of letters, for different reasons. Those differences may in some cases affect the timing of their release as well. In general, where the presumption of access attaches to a letter because of its very nature or its author, such as letters from public officials, those letters should be released immediately. On the other hand, if the only basis for granting access to a particular letter is the actual use of the letter in the sentencing process, then the Court may exercise its discretion to decide whether the letter can be released now, or immediately after sentence is pronounced.

Specifically, Applicants maintain that the letters should be released as follows:

1.     <u>The Parties' Sentencing Memoranda and Letters Referenced Therein</u>

As discussed in the Application, any sentencing memoranda filed by the parties, any "letters excerpted or explicitly referenced in defendant's [or the Government's] memorandum," or any letters otherwise submitted by the parties to the Court clearly should be released immediately. *United States v. Kushner*, 349 F. Supp. 2d 892, 905-06 (D.N.J. 2005); *United States v. Lawrence*, 167 F. Supp. 2d 504, 506 (N.D.N.Y. 2001). Letters attached to or referenced in the defendant's submissions are part of the public record by virtue of being part of a filing. The public's right of access to them attached as soon as they were submitted to the Court.

There are no extraordinary circumstances in this case that would warrant a delay in releasing them, so access should be provided immediately. Some of them may well be the product of publicized efforts by the defendant's counsel to solicit letters that would be submitted to the Court. *See* Al Kamen, *Attention, Friends of Scooter*, Wash. Post, Mar. 26, 2007, at A13 (reporting on memorandum soliciting letters). Even if they are not, the publicity surrounding the mere solicitation of such letters illustrates why it is highly unlikely that the authors of these letters had any reasonable expectation that they would not be made public.

We also note in that regard that the Government has filed a redacted version of its sentencing memorandum, which appears to have redacted materials that may refer to some letters. We understand that the Government did so purely out of an abundance of caution given the Court's request for briefing on the sentencing letters, rather than because it maintained as a matter of law that the unredacted version should not be made available. We therefore respectfully request that the Court clarify that all sentencing memoranda filed by the parties should be filed in unredacted form.

Courts have only permitted parties to file redacted sentencing memoranda in order to protect information that in typically sealed as a matter of law, such as grand jury information or information that could jeopardize an on-going investigation. *See Kushner*, 349 F. Supp. 2d at 905 & n.13 (ordering government's sentencing memorandum released before sentencing with only grand jury material and material that could compromise ongoing investigations redacted); *United States v. Milken*, 1990 WL 263531, at *2 (S.D.N.Y. Sept. 24, 1990) (ordering government's sentencing memorandum released before sentencing with similar redactions); *see also United States v. Chang*, 47 Fed. Appx. 119, 123-24 (3d Cir. 2002) (ordering sentencing memorandum released in its entirety). It does not appear to these Applicants that the

Government's memorandum was redacted for these purposes, or that there could be any basis for redacting portions of any memorandum the Defendant may file.

2. Letters From Public Officials, Public Figures and Other Letters Lacking Obvious Indicia of an Expectation of Confidentiality

In addition, we submit that the Court should immediately release any letters that were written by public officials, public figures, or other persons lacking any reasonable expectation of confidentiality. For the reasons explained in the Application, these letters should be released simply by virtue of the fact that they were sent by current or former public officials or public figures. The public has a right to know which officials implicitly used their government positions to try to influence a court's sentencing decision, and such persons, especially in the circumstances of this case, have little or no reasonable expectation of privacy in the letters they write to a court. As a result, they "invariably will be released." *United States v. Gotti*, 322 F. Supp. 2d 230, 251 (E.D.N.Y. 2004).

The reason for releasing letters in these categories is not related to the timing of sentence or the content of the June 5 hearing. Therefore, there is no reason to wait until sentence is pronounced to release them. These letters should be treated like any other judicial document, to which access is available immediately upon request. For the same reasons, we submit that the Court should immediately release any other letters that do not reflect a clear presumption of confidentiality or contain obviously personal information. Even for letters that do contain personal information, if possible the Court should release them in redacted form. Indeed, the fact that the Court is making these letters available to both the government and the defense, who in turn could choose to use them to influence the Court's decision at the sentencing hearing, in and of itself weighs in favor of releasing them before the hearing and substantially vitiates any expectation that such letters would be for the Court's eyes only.

3.   Other Letters Affecting the Sentencing Process

With respect to any letters not falling into the two categories discussed above, any letters that actually impact the Court's determination of defendant's sentence clearly must be released as a matter of law. *See, e.g.*, *United States v. Corbitt*, 1988 WL 94278, at *8 (N.D. Ill. Aug. 24, 1988) (releasing letters because "the outpouring of letters influenced our sentencing decision"), *rev'd on other grounds*, 879 F.2d 224 (7th Cir. 1989); *Gotti*, 322 F. Supp. 2d at 250 ("if the letters should have a significant impact on the court's sentence, the public is entitled to know this"). With respect to any such letters, the Court should exercise its discretion to determine when they should appropriately be released. It may be appropriate to only release such letters once sentence is pronounced and it becomes apparent why the letters influenced the judicial decision-making process.

The principles set forth here were used in *Kushner*, where the court ordered most of the letters at issue to be made public nearly a week before the sentencing itself. There, the news media requested access to letters on December 14, 2004 for a sentencing scheduled for January 18, 2005. *See Kushner*, 349 F. Supp. 2d at 896. On January 12, 2006 the court determined that letters sent by current and former public officials, those attached to or referenced in the defendant's sentencing memorandum, and those explicitly relied on by the court in sentencing should be released. *See id.* at 892, 905-07; *see also id.* at 896 n.3 (original order entered December 30, 2004).

The court ordered most of these letters immediately released, and their contents were reported in the media prior to the sentencing hearing. *See, e.g.*, Robert Hanley, *Judge Releases Letters Seeking Leniency For Donor*, N.Y. Times, Jan. 13, 2005, at B5 (reporting that the court released 165 letters referenced in Kushner's sentencing memo and 10 from current and former

5

public officials); John P. Martin, *Torricelli and Ex-AG Also Asked Judge To Go Easy on Kushner*, Newark Star-Ledger, Jan. 14, 2005, at 21.  However, with respect to other letters upon which it relied upon in determining the sentence, the court held that it was not yet in a position to make that determination and therefore ordered that any such letters "be made available at that time," *i.e.*, once sentence was pronounced.  *Id.*[1]

**CONCLUSION**

For the foregoing reasons, the Applicants respectfully request that the Court provide immediate access to letters sent directly to the Court consistent with the principles set forth in this Memorandum.

Dated: May 30, 2007

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By:  /s/ Nathan Siegel
     Nathan Siegel (D.C. Bar No. 446253)

1050 Seventeenth Street, N.W., Suite 800
Washington, DC 20036
Telephone: (202) 508-1100
Facsimile: (202) 861-9888

*Counsel for Applicants*

---

[1] Similarly, in *United States v. Boesky*, 674 F. Supp. 1128 (S.D.N.Y. 1987), letters that were attached to the defendant's sentencing memorandum were released before he was sentenced.  *See id.* at 1128-29 (ruling while sentencing was "impending"); Glenn Kessler, *Lawyers: Boesky Gave Probe Big Boost*, Newsday, Dec. 17, 1987 (reporting on letters released two days before the sentencing).

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 30, 2007, I caused true and correct copies of the foregoing Supplemental Memorandum in Support of Application for Access to Letters Directly Sent to the Court Concerning Sentencing to be served via first-class mail, postage prepaid, upon the following:

Patrick Fitzgerald, Esq.
Debra R. Bonamici, Esq.
Office of the United States Attorney/Office of the Special Counsel
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

Kathleen Kedian, Esq.
Peter Robert Zeidenberg, Esq.
U.S. DEPARTMENT OF JUSTICE
1400 New York Avenue, N.W.
Washington, DC 20005

John DeWitt Cline, Esq.
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104-1500

Joseph A. Tate, Esq.
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104

William H. Jeffress, Jr., Esq.
Alex Joseph Bourelly, Esq.
Alexandra M. Walsh, Esq.
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004

Theodore V. Wells, Jr., Esq.
James Lewis Brochin, Esq.
PAUL, WEISS, RIFKIND, WHARTON & GARRISON
1285 Avenue of the Americas
New York, NY 10019-6031

           /s/ Nathan Siegel
           Nathan Siegel